IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD VERNER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 10-3384-CV-S-DW-H |
| JUAN CASTILLO,[1] Warden, ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are without merit, it will be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner alleges that respondents have violated his constitutional rights by placing him in administrative segregation for over three years. He alleges that the assignment to administrative segregation is unlawful because he is being punished for his actions while he was in a Canadian prison, for which he has already been punished. He also asserts that the conditions of his confinement are illegal and unconstitutional because he has no running water or toilet. He also asserts that he is being illegally held in administrative segregation without

---

[1] The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

any due process.

A review of the file indicates that petitioner has been housed at the Medical Center since 2007, for treatment of a serious heart condition. Prior to that, he was incarcerated at ADX, Florence, Colorado, a maximum security facility. Petitioner is classified as a maximum security level inmate, based on this institutional conduct within the BOP and his prior history of violence, including the murder of another inmate, an assault on a correctional officer, and use of weapons while incarcerated. He has also been identified as a sexually aggressive inmate during his incarceration. According to respondent, because the Medical Center is not an administrative maximum facility, similar to the ADX, inmates who are transferred from the ADX to the Medical Center for medical treatment are assigned to administrative detention. Respondent also submits that petitioner has continued to be a threat to the safety of others and the security at the Medical Center, and he has remained on administrative detention. One fifteen-day period was for disciplinary sanction, after he was found guilty for threatening bodily harm in September of 2009. Pursuant to Bureau of Prisons' regulations, the status of inmates on administrative detention is reviewed weekly, and a formal review is conducted every 30 days. The records provided by respondent indicate that these reviews have occurred and are on-going. Additionally, respondent submits that, in the cell where petitioner is housed, he has access to running water, a shower, and a toilet, as well as access to continuous oxygen and necessary medical supplies.

Having fully reviewed the record, the Court finds that petitioner has failed to state a valid claim for relief. The record indicates that petitioner has been housed in administrative, non-punitive segregation, with the exception of a fifteen-day period where he was in punitive segregation as a result of being found guilty of threatening bodily harm. Based on petitioner's maximum security classification, his history of violence, both inside and outside of prison, and the continued threat of

violence, it cannot be said that the administrative segregation imposed on him is not "reasonably related to a legitimate governmental objective." Bell v. Wolfish, 441 U.S. 520, 538-39 (1979); see Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992) ("[a]bsent a showing of an expressed intent to punish by the prison officials, whether an inmate is segregated for 'punitive' reasons or for administrative purposes generally will turn on whether the detention is reasonably related to a legitimate government objective."). Additionally, petitioner has failed to establish that he has suffered a due process violation, or that the conditions of confinement are unconstitutional and illegal in terms of denying him medical care or humane living conditions. [See Respondent's Ex. 1 ¶ 10].

Accordingly, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

  /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 7/26/11